IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF VIRGINIA DANVILLE DIVISION

SAMMIE TODD MOSER,

    Plaintiff

v.                                         Case No. 4:24cv00010

THE HALIFAX COUNTY, VA, BOARD
    OF SUPERVISORS

        Serve: Scott R. Simpson

            1050 Mary Bethune Street

            Halifax, Virginia 24558

And

THE VIRGINIA RETIREMENT SYSTEM

        Serive: A. Scott Andrews, Chairman

            1200 Ease Main Street

            Richmond, Virginia 23219

**CIVIL ACTION**

Comes now the Plaintiff, by counsel, and represents as follows:

## STATEMENT OF CASE AND JURISDICTION

1. This case presents the question of whether the forfeiture of Petitioner's vested police retirement benefits violated the Eighth Amendment's Excessive Fines Clause as secured by the Fifth and Fourteenth Amendments of the United Stated Constitution.

2. The Respondent Retirement System is established pursuant to Article X Section II of the Constitution of Virginia and Title 51.1 of the Code of Virginia, as amended. That Code provides in § 51.1-124.13 that no Virginia state retiree is entitled to receive retirement benefits if he is convicted of a felony arising from his conduct while in any position in which the person was a member covered by retirement systems administered by the Board of Directors of the Virginia Retirement System. All of the Petitioner's vested retirement benefits were earned through payroll deductions for the Virginia Law Officers Retirement System, which is also administered by the Defendant Retirement System's Board. See Title 51.1, Chapter 2-1 of the Code of Virginia, as amended.

3. Petitioner served for 26 years as a police officer in two police departments in Halifax County, Virginia and was receiving vested gross retirement payments from the Defendant Virginia Retirement System amounting to $1,208.69 per month at the time of the forfeiture.

4. In 2022 Petitioner was convicted of two felonies, theft of government funds and embezzlement, pursuant respectively to § 18.2-112 and § 18.2-111 of the Code of Virginia, as amended, the offenses were committed while he was employed as the Halifax County Animal Control Warden, which position is also covered by the Virginia Retirement System. The funds he embezzled were receipts from animal adoptions from the Halifax County Animal Shelter.

5. Plaintiff seeks relief pursuant to §28 U.S.C. 1331, and Amendments V and XIV of the United States Constitution.

## *ARGUMENT I*

*The Retirement Forfeiture Proceedings Employed Denied Sammie Todd Moser of His Right to Due Process of Law*

Virginia Code Section 51.1-124.13.A makes mandatory the forfeiture of all retirement benefits provided by the Virginia Retirement System, which is an agency of the Commonwealth, if the retiree committed any felony offense "in any position in which the person was a member covered for retirement purposes under any retirement system administered by the Board (of the Virginia Retirement System)." Retirement benefits are determined by the employee's length of service and are employee contributory in nature. The forfeiture statue does not limit the loss of benefits only to those accumulated during the period when a felony was committed, but rather mandates forfeiture of all benefits irrespective of whether or not the Commonwealth sustained loss as a result of the felonious conduct. In Mr. Moser's case the loss to the Commonwealth has been ascertained by the Virginia State Police and full restitution ordered as a special condition of Moser's sentence, as reflected in the sentencing order. The Ninth Edition of Black's Law Dictionary (2009) defines punishment as, "A sanction—such as a fine, penalty, confinement, or loss of property, right, or privilege— assessed against a person who has violated the law." Moser's loss is indeed a forfeiture and the Retirement System's form VRS-180, on which the Board of Supervisors reported its decision, is a "Request for Forfeiture".

The Respondent cannot maintain that this forfeiture is not punitive in nature. As Justice Blackmon observed for the majority in Austin v. United States,

*"The Cruel and Unusual Punishments Clause is self-evidently concerned with punishment. The Excessive Fines clause limits the government's power to extract payments,*

3

*whether in cash or in kind 'as punishment for some offense.' (citing Browning-Ferris Industries of Vt., Inc. v. Kelco Disosal, Inc. 492 U.S. 257, 256 (1989). 'The notion of punishment, as we commonly understand it, cuts across the division between the civil and the criminal law. United States v. Halper, 490 U.S. 435, 447-448 (1989) ...' Thus, the question is not, as the United States would have it, whether forfeiture under (21USC) Sections 88(a)(4) and (a)(7) is civil or criminal but whether it is punishment." Austin v. United States, 509 U.S. 602, 610 (1993). See, also, Justice Gorsuch's dissent to a denial of a writ of certiorari in Toth v. U.S., 597 U.S. _____ 22177 (2023) (Slip Opinion 2)*

There can be no doubt that Mr. Moser possessed a property interest in his retirement. The due process clause of the Bill of Rights applies to both procedural and substantive deprivations of "liberty" and "property", and when a deprivation of a property interest is challenged the reviewing court makes a two-step inquiry. The first step is whether the property interest involved is protected by the due process clause, and the second, which is what is more at issue here, is whether the procedures applied by the Board of Supervisors were sufficient to satisfy the due process "fairness" standard. Id., at 754-755. See Perry v. Sindermann, 408 U. S. 593, 596 (1972) and Morrissey v. Brewer, 408 U.S. 471, 481 (1972).

Section 51.1-123.13 of the Code of Virginia is defective because it purports to declare final decisions that are decided on constitutional issues, depriving a litigant of appellate review by certiorari or otherwise.

## ARGUMENT II

*Section 51.1-124.13 of the Code of Virginia Unconstitutionally Imposes an Excessive Forfeiture.*

The core issue in this Petiton is whether the Virginia retirement forfeiture law imposes an excessive fine or amercement prohibited by our state and federal constitutions and prohibited in the English Common Law since the Magna Carta. The most pertinent decision on such excessive fines and forfeitures as Petitioner sustains is Timbs v. Indiana 586 U.S. ---------171091 (2019), and Appellant believes that decision is so close on the facts to his case that it requires a judgment for the Plaintiff on constitutional grounds.

In Timbs, a unanimous decision of this Court authored by the late Justice Ginsburg, the Court noted that Timbs plead guilty to dealing in a controlled substance and conspiracy to commit theft. Thereafter the State of Indiana brought a forfeiture action of Timbs' $82,000 vehicle on the grounds that it was used to transport heroin. Timbs presented clear proof that his vehicle was purchased from the proceeds of his late father's life insurance policy, of which he was the beneficiary. The trial judge denied the forfeiture under the Eighth Amendment, but the Supreme Court of Indiana reversed that decision. It came before the United States Supreme Court on a Writ of Certiorari.

Justice Ginsburg began by removing all doubt about the Eighth Amendment's application to the states, noting in part that the amendment's antecedents were long a part of the Common Law. Her opinion also rejected Indiana's argument that the Eighth Amendment did not apply to in rem forfeitures, observing that to rule in the state's favor on that issue would require overruling the court's decision in Austin, supra.; Timbs, Slip Op.7.

5

Todd Moser further submits that unlike forfeiture of drug crime assets under Virginia Code §19.2-386.22.A there is no connection between his crimes or their proceeds and his participation in Virginia's contributory retirement system. Although the statute does not require it, the fact that he was mandated in his criminal sentencing order to make full restitution to Halifax County makes his retirement forfeiture excessive in fact, since it is clear none of what he took from the County was required or proven to have been used to make his retirement contributions.

## CONCLUSION

Accordingly, Mr. Moser prays that this court enjoin the enforcement of §15.1-124.13.A of the Code of Virginia in this case as applied to his vested retirement benefits, bar future forfeiture of those benefits, require that the Defendant Retirement System return to Plaintiff all of his retirement benefits previously forfeited and afford Plaintiff his cost herein expended.

Respectfully,

Sammie Todd Moser

By: _____
John E. Greenbacker, Jr.
Counsel for Petitioner

John E. Greenbacker, Jr.
VSB # 13289
Post Office Box 488
15 South Main Street
Halifax, Virginia 24558
Telephone:   (434) 476-6523
Facsimile:   (434) 476-6948
E-Mail:      greenlaw@pure.net